IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, et al.,<br><br>　　　　Defendants. | No. 2:24-CV-0054-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for leave to supplement his pleadings. See ECF No. 15.

Plaintiff initiated this action with a pro se complaint filed on January 5, 2024. See ECF No. 1. On January 19, 2024, the Court determined that service of the complaint was appropriate for both named defendants on Plaintiff's Eighth Amendment medical care claims. See ECF No. 8. Defendants have waived formal service of process. See ECF No. 16. On May 23, 2024, the Court issued an order relieving Defendants of their obligation to respond to Plaintiff's complaint pending resolution of the current motion for leave to supplement. See ECF No. 20.

/ / /

/ / /

1

Under Federal Rule of Civil Procedure 15(d):

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

See Fed. R. Civ. P. 15(d).

The Court finds that good cause to permit Plaintiff to supplement his complaint has not been shown. While Plaintiff's motion recites the standard above for allowing supplemental pleadings, Plaintiff does not explain which claims are being added, whether they involve additional defendants, or how the new claims are related to the currently pleaded claims. The Court has reviewed the proposed supplemental complaint submitted with Plaintiff's motion and finds no clarification as to the bases of Plaintiff's request. Notably, the original complaint and proposed supplemental pleading appear to involve different dates and do not incorporate Plaintiff's initial allegations with related allegations concerning events which occurred after the complaint was filed. The Court is left to guess as to the grounds supporting leave to supplement under Rule 15(d).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to supplement, ECF No. 15, is DENIED without prejudice to renewal upon a proper showing of good cause for granting relief.

2. Defendants shall file a response to Plaintiff's complaint within 30 days of the date of this order.

Dated: June 17, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE